Receipt #CV1977
ORIGINAL
ECF
FILED
DEC 27 2004
U.S. COURT OF FEDERAL CLAIMS

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| **CONSTRUCTURE, INC.,**<br><br>**Plaintiff,**<br><br>**vs.**<br><br>**UNITED STATES OF AMERICA, DEPARTMENT OF THE NAVY,**<br><br>**Defendant.** | **No.:** 04-1820C<br><br>**Judge:** ______ |

**COMPLAINT**

The Plaintiff, ConStructure, Inc. (hereinafter "ConStructure") complains of the Defendant herein as follows:

**JURISDICTIONAL ALLEGATIONS**

1. ConStructure is a corporation organized and existing under the laws of the State of South Carolina and at all times relevant herein was in the business of performing government construction contracts. ConStructure is a small business as defined by the Small Business Administration.

2. The Defendant, the United States of America, is a Defendant in this action by virtue of the actions and omissions of its agency and instrumentality, the United States Department of the Navy (hereinafter the "Navy").

3. This case involves a dispute over the assessment of liquidated damages and the termination for default of ConStructure under Contract No. N62467-03-C-6544 (hereinafter the "Contract"), Replace Air Handling Units at 3rd and Weapons Batt, MCRD, Parris Island, South Carolina.

4. This Court has jurisdiction over this matter pursuant to 41 U.S.C. § 609.

5. ConStructure has timely and properly pursued and exhausted all administrative remedies prior to instituting this action

## GENERAL FACTUAL ALLEGATION

6. The Navy awarded the Contract to ConStructure, on or around September 19, 2003. The base bid of the Contract generally required ConStructure to install new air handling units in nine (9) barracks buildings and perform associated work including installation of ductwork and sheetrock. The Contract also included an option to perform the work on six (6) additional barracks buildings. The Navy awarded both the base bid and the option for a total Contract amount of $6,855,112.00. The original completion date was December 12, 2004.

7. The Contract includes liquidated damages of $1,550.00 per day per phase for the base bid, Phases 3 thru 12, and $1,450.00 per day per phase for Alternate Item 0002 (the option), Phases 3A thru 9A.

8. The Contract includes FAR 52.249-10, Default (Fixed-Priced Construction)(April 1984).

9. During the course of performance of the Contract, ConStructure identified problems with the drawings and specifications provided by the Navy, and submitted a total of twenty-nine (29) Requests for Equitable Adjustments (REA's) as a result of the defective drawings, specifications, and direction by the Navy. The REA's requested additional compensation totaling over $200,000.00 and an extension until October 21, 2005.

10. On January 29, 2004, the Navy issued Modification P00001 adding Web Based Construction Management (WEBCM) requirements to the Contract. ConStructure refused to sign the Modification P00001 and returned it to the Navy because it did not include any compensation

for the additional costs that would be incurred as a result of the change. Despite the fact that Modification P00001 was returned unsigned, the Navy insisted that the WEBCM requirements be complied with by ConStructure.

11. On January 30, 2004, the Navy issued Unilateral Modification P00002 revising the demolition work required by the Contract. Unilateral Modification P00002 increased the Contract amount by $83,200.00, but did not extend the performance period.

12. ConStructure is entitled to an extension of the Contract performance period as a result of the additional requirements of Unilateral Modification P00002.

13. Bilateral Modification P00003 revised Item 00002 of the Base Bid, Partnering. There is no Modification P00004.

14. On or around August 20, 2004, the Navy issued proposed Bilateral Modification P00005 to definitize Unilateral Modification P00002. Proposed Modification P00005 added an additional $38,877.73 to the Contract amount and extended the Contract by 131 days, to April 22, 2005. ConStructure returned proposed Modification P00005 to the Navy unsigned because it did not fully and completely compensate ConStructure for the additional costs and time associated with Unilateral Modification P00002.

15. On October 1, 2004, the Navy issued Unilateral Modification P00006 to compensate ConStructure for additional costs and time that the Navy determined to be appropriate for REA's 3, 4, 6 and 7. Unilateral Modification P00006 increased the Contract amount by $8,278.00 and extended the performance period by nine (9) days, until May 1, 2005.

16. ConStructure did not have a contractual obligation to perform any of the work identified in REA's 3, 4, 6 and 7 until the Navy issued Unilateral Modification P00006.

17. ConStructure was entitled to an extension in the Contract performance period from the time ConStructure was contractually obligated to perform the additional work identified in REA's 3, 4, 6 and 7 for the time necessary to complete the work plus any delays from the impact of the work identified in REA's 3, 4, 6 and 7.

18. On October 5, 2004 the Navy issued a Cure Notice to ConStructure. The Cure Notice alleged that it no longer appeared possible to complete the Contract on time and demanded a response within ten (10) days demonstrating a substantive plan to meet the Contract completion date.

19. ConStructure responded to the Cure Notice by letter dated October 14, 2004. ConStructure requested an extension until October 21, 2005 due to the changes by the Navy, but also advised that with acceleration the Contract could be completed by the Navy's imposed completion date.

20. On or around November 15, 2004 the Navy notified ConStructure that the Navy was withholding $1,160,800.00 for "potential liquidated damages."

21. On December 3, 2004, the Navy issued Unilateral Modification P00007 to compensate ConStructure for additional costs and time that the Navy determined to be appropriate for REA's 17, 20, 21, 22, 23 and 24. Unilateral Modification P00007 increased the Contract amount by $23,015.00 and extended the Contract performance period by 5 days, to May 6, 2005.

22. ConStructure did not have a contractual obligation to perform any of the work identified in REA's 17, 20, 21, 22, 23 and 24 until the Navy issued Unilateral Modification P00007.

23. ConStructure was entitled to an extension in the Contract performance period from the time

ConStructure was contractually obligated to perform the additional work identified in REA's 17, 20, 21, 22, 23 and 24 for the time necessary to complete the work plus any delays from the impact of the work identified in REA's 17, 20, 21, 22, 23 and 24.

24. On December 3, 2004, the Navy issued a final contracting officer's decision (Attachment 1 hereto, Unilateral Modification No. P00008) terminating the Contract for default as a result of ConStructure's alleged failure to maintain progress.

25. At the time of the termination for default, ConStructure had completed four (4) of the barracks and was over 95% complete with a fifth barracks.

26. Upon information and belief, the Navy failed to follow the requirements of FAR 49.402-3 (Procedure for Default) and FAR 52.249-10 (Default).

27. The termination for default by the Navy was improper and without cause.

28. The assessment and withholding of liquidated damages were improper and without cause.

29. The Navy cannot state what specific dates ConStructure was the sole cause of any alleged delays to the Contract.

30. Any delays to the Contract allegedly caused by ConStructure are concurrent with delays to the Contract caused by the Navy.

31. ConStructure is entitled to an equitable adjustment for additional costs and for additional time to complete changes to the Contract by the Navy.

32. The Navy failed to conduct any meaningful analysis of the impact and delays on the Contract caused by the additional work directed in the unilateral modifications issued to ConStructure.

**WHEREFORE**, ConStructure prays for judgment against the Navy finding that: (1) the assessment of liquidated damages was improper and without cause, (2) ConStructure is entitled to

remission of liquidated damages, (3) the termination for default was improper and without cause, (4) the Navy failed to follow the proper procedures for termination for default, (5) the termination for default be rescinded and converted to a termination for convenience, and (6) that ConStructure is entitled to all damages incurred as a result of the wrongful termination for default, attorney's fees, interest as may be applicable, and for such other and further relief as this Court deems just and proper.

**PEDERSEN & SCOTT, P.C.**

William A. Scott
775 St. Andrews Blvd.
Charleston, South Carolina 29407
(843) 556-5656
Fax (843) 556-5635
ATTORNEY FOR PLAINTIFF

Dated this 20th day of December, 2004.

# AMENDMENT OF SOLICITATION/MODIFICATION OF CONTRACT

1. CONTRACT ID CODE: J
PAGE OF PAGES: 1 | 2

2. AMENDMENT/MODIFICATION NO.: P00008
3. EFFECTIVE DATE: 03-Dec-2004
4. REQUISITION/PURCHASE REQ. NO.:
5. PROJECT NO. (If applicable):

6. ISSUED BY CODE N62467
GREGORY MCHONE (CODE 0211GM)
843-820-5635
FAX 843-818-6915
CHARLESTON SC 29419-9010

7. ADMINISTERED BY (If other than item 6) CODE N62467
NAVAL FACILITIES ENGINEERING COMMAND, SO
ROICC BEAUFORT
PO BOX 9310
BUILDING 658, MOORE STREET
BEAUFORT SC 29904-9310

8. NAME AND ADDRESS OF CONTRACTOR (No., Street, County, State and Zip Code)
CONSTRUCTURE INC.
SHAHAB SEYEDEIN
797 COOPER ROAD
PIEDMONT SC 29673

CODE 0SWR8 FACILITY CODE

9A. AMENDMENT OF SOLICITATION NO.
9B. DATED (SEE ITEM 11)
X 10A. MOD. OF CONTRACT/ORDER NO. N62467-03-C-6544
X 10B. DATED (SEE ITEM 13) 10-Jul-2003

11. THIS ITEM ONLY APPLIES TO AMENDMENTS OF SOLICITATIONS

☐ The above numbered solicitation is amended as set forth in Item 14. The hour and date specified for receipt of Offer ☐ is extended, ☐ is not extended.

Offer must acknowledge receipt of this amendment prior to the hour and date specified in the solicitation or as amended by one of the following methods: (a) By completing Items 8 and 15, and returning ______ copies of the amendment; (b) By acknowledging receipt of this amendment on each copy of the offer submitted; or (c) By separate letter or telegram which includes a reference to the solicitation and amendment numbers. FAILURE OF YOUR ACKNOWLEDGMENT TO BE RECEIVED AT THE PLACE DESIGNATED FOR THE RECEIPT OF OFFERS PRIOR TO THE HOUR AND DATE SPECIFIED MAY RESULT IN REJECTION OF YOUR OFFER. If by virtue of this amendment you desire to change an offer already submitted, such change may be made by telegram or letter, provided each telegram or letter makes reference to the solicitation and this amendment, and is received prior to the opening hour and date specified.

12. ACCOUNTING AND APPROPRIATION DATA (If required)

13. THIS ITEM APPLIES ONLY TO MODIFICATIONS OF CONTRACTS/ORDERS.
IT MODIFIES THE CONTRACT/ORDER NO. AS DESCRIBED IN ITEM 14.

A. THIS CHANGE ORDER IS ISSUED PURSUANT TO: (Specify authority) THE CHANGES SET FORTH IN ITEM 14 ARE MADE IN THE CONTRACT ORDER NO. IN ITEM 10A.

B. THE ABOVE NUMBERED CONTRACT/ORDER IS MODIFIED TO REFLECT THE ADMINISTRATIVE CHANGES (such as changes in paying office, appropriation date, etc.) SET FORTH IN ITEM 14, PURSUANT TO THE AUTHORITY OF FAR 43.103(B).

C. THIS SUPPLEMENTAL AGREEMENT IS ENTERED INTO PURSUANT TO AUTHORITY OF:

X D. OTHER (Specify type of modification and authority)
FAR 52.249-10, DEFAULT (Fixed-Price Construction)(Apr 84)

E. IMPORTANT: Contractor [X] is not, ☐ is required to sign this document and return ______ copies to the issuing office.

14. DESCRIPTION OF AMENDMENT/MODIFICATION (Organized by UCF section headings, including solicitation/contract subject matter where feasible.)
Modification Control Number: gtmcho05696
REPLACE AHUS AT THIRD AND WEAPONS BATTALION, MCRD, PARRIS ISLAND, SC

Termination for Default

Continued on page 2.

Except as provided herein, all terms and conditions of the document referenced in Item 9A or 10A, as heretofore changed, remains unchanged and in full force and effect.

15A. NAME AND TITLE OF SIGNER (Type or print)

16A. NAME AND TITLE OF CONTRACTING OFFICER (Type or print)
DAVID DEMOSKE / CONTRACTING OFFICER
TEL: 843-820-5900

15B. CONTRACTOR/OFFEROR
(Signature of person authorized to sign)
15C. DATE SIGNED

16B. UNITED STATES OF AMERICA
BY
(Signature of Contracting Officer)
16C. DATE SIGNED 03-Dec-2004

EXCEPTION TO SF 30
APPROVED BY OIRM 11-84

30-105-04

STANDARD FORM 30 (Rev. 10-83)
Prescribed by GSA
FAR (48 CFR) 53.243

**ATTACHMENT 1**

FINAL DECISION 05-S-004
(DEFAULT)

Your right to proceed with work under contract N62467-03-C-6544, REPLACE AIR HANDLING UNITS AT 3RD AND WEAPONS BATTALION RECRUIT BARRACKS, MCRD, BEAUFORT, SC, is hereby terminated for default, in whole, effectively, due to failure to maintain progress. The Government reserves all rights and remedies provided by law or called for under the contract, in addition to charging the increased costs occasioned by completion of this defaulted contract.

This is the Final Decision of the Contracting Officer. This Decision may be appealed to the Armed Services Board of Contract Appeals, which is the authorized representative of the Secretary for hearing and determining contract disputes. If you decide to appeal this decision, written notice thereof must be mailed or otherwise furnished to the Armed Services Board of Contract Appeals, Skyline Six, 5109 Leesburg Pike, 7th Floor, Falls Church, VA 22041, within ninety days from the date you receive this decision. A copy thereof shall also be furnished to the Contracting Officer from whose decision the appeal is taken, at the address set forth at the head of this letter, Attention: Director, Acquisition. The notice should indicate that an appeal is intended, should reference this decision, identify the contract by number, and state the amount in dispute. The rules of procedures of the Armed Services Board of Contract Appeals are in the Department of Defense Federal Acquisition Regulation Supplement (DFARS), Appendix A, Part Two. Optional Accelerated Procedures are available in appeals involving $100,000 or less and Small Claims (expedited) procedures are available in appeals involving $50,000 or less. In lieu of appealing to the Board of Contract Appeals, you may bring action directly in the Court of Federal Claims* within 12 months of the date you receive this decision (*except as provided in Section 4 of the Contract Disputes Act (Maritime Contracts)).