**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **CONSTRUCTURE, INC.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **No. 04-1820C** |
| **v.** | ) | **(Judge Mary Ellen Coster Williams)** |
| | ) | |
| **THE UNITED STATES,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

**JOINT PRELIMINARY STATUS REPORT**

Pursuant to Rule 16 and Appendix A of the Rules of the United States Court of Federal Claims, the parties, by their representative attorneys, respectfully submit this Joint Preliminary Status Report:

**a. Does the Court have jurisdiction over the action?**

Plaintiff states that the Court has jurisdiction to consider and decide this action pursuant to 41 U.S.C. § 609. Defendant questions whether this Court possesses jurisdiction to consider plaintiff's monetary claims.

**b. Should the case be consolidated with any other case?**

The parties do not believe that this case should be consolidated with any other case.

**c. Should the trial of liability and damages be bifurcated?**

Plaintiff believes that the trial should be bifurcated into liability and damages. Defendant does not believe bifurcation is necessary.

**d. Should further proceedings in this case be deferred pending consideration of another case before this Court or any other tribunal?**

The parties agree that further proceedings in this case should not be deferred pending

consideration of another case before this Court or any other tribunal.

**e. Will a remand or suspension be sought?**

The parties do not believe that remand or suspension will be sought.

**f. Will additional parties be joined?**

The parties do not anticipate that additional parties will be joined.

**g. Does either party intend to file a motion pursuant to RCFC 12(b), 12(c), or 56, and, if so, what is the proposed schedule for the intended filing?**

Plaintiff expects to file a motion for summary judgment as to the issue of liability. Defendant anticipates filing a motion to dismiss, pursuant to RCFC Rule 12(b), within the next 45 days, and anticipates filing an RCFC Rule 56 motion for summary judgment at or before the close of discovery.

**h. What are the relevant issues?**

This case involves replacement of air handling units and miscellaneous repairs at the Third and Weapons Battalion at the Marine Recruiting Facility, Parris Island, South Carolina. Defendant terminated the contract with the plaintiff for default.

<u>Issues</u>:

(1) Were the plans and specifications provided by the Navy adequate for the intended purpose?

(2) Was the Plaintiff entitled to an extension to the contract as a result of defects in the plans and specifications, changes to the contract by the Navy, or the Navy's failure to properly administer the contract?

(3) Was the Navy's termination for default proper?

(4) Did the Navy follow the proper procedure for default?

(5) Should the termination for default be converted to a termination for convenience?

(6) If the termination is converted to a termination for convenience, what amount is the plaintiff entitled to in damages?

(7) Did the contractor default on the contract?

(8) If so, was the default excusable?

**i. What is the likelihood of settlement?**

The parties have not engaged in settlement discussions at this point, and cannot comment on the likelihood of a settlement at this time.

**j. Do the parties anticipate proceeding to trial? Does any party, or do the parties jointly, request expedited trial scheduling? What is the requested place of trial?**

Plaintiff anticipates proceeding to trial. The plaintiff requests an expedited trial schedule at least upon the issue of liability. The Plaintiff requests that the trial be held in Charleston, South Carolina.

Defendant cannot state at this time whether it anticipates proceeding to trial, as both defendant and plaintiff have indicated that they anticipate filing dispositive motions. Additionally, as both parties anticipate filing dispositive motions, defendant believes that an expedited trial schedule is precluded. The Government requests that trial be held at whatever location is most convenient for the witnesses and for the Court.

**k. Are there special issues regarding case management needs?**

The parties are currently unaware of any special issues regarding case management

needs.

**l. Is there any other information of which the Court should be aware of at this time?**

The parties are unaware of any other information of which the Court should be aware of at this time.

**m. Discovery plan?**

Plaintiff proposes the following discovery deadlines:

| | |
|---|---|
| Exchange of initial disclosures: | June 22, 2005 |
| Exchange of documents: | June 30, 2005 |
| Close of fact discovery: | October 15, 2005 |
| Plaintiff's expert report: | November 15, 2005 |
| Defendant's expert report: | January 5, 2006 |
| Expert depositions: | February 15, 2006 |
| Trial: | Not before March 2006 |

Defendant proposes the following discovery deadlines in light of the issues involved in this case and the number of documents and depositions anticipated:

| | |
|---|---|
| Exchange of initial disclosures: | June 30, 2005 |
| Close of fact discovery: | February 1, 2005 |
| Plaintiff's expert report: | March 1, 2006 |
| Defendant's expert report: | April 1, 2006 |
| Expert depositions: | May 1, 2006 |
| Trial: | June 2006 or after |

Respectfully submitted.

s/ William A. Scott
WILLIAM A. SCOTT (Fed ID # 6727)
Pedersen & Scott, P.C.
775 St. Andrews Blvd.
Charleston, SC 29407
(843) 556-5656

Attorney for Plaintiff

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/Franklin E. White, Jr.
FRANKLIN E. WHITE, JR.
Assistant Director

s/ Lindsay Williams
LINDSAY WILLIAMS
Trial Attorney
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 353-7995
Fax: (202) 514-8624

June 16, 2005

Attorneys for Defendant