IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| CONSTRUCTURE, INC.<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 04-1820C<br>(Judge Williams) |

DEFENDANT'S PARTIAL MOTION TO DISMISS

Pursuant to RCFC 12(b)(1), the United States respectfully requests that the Court dismiss portions of the amended complaint of plaintiff, Constructure, Inc. ("Constructure") for lack of jurisdiction. In support of this motion, we rely upon the pleadings, the following memorandum of law, and the attached exhibit.

DEFENDANT'S MEMORANDUM OF LAW

STATEMENT OF THE ISSUE

Whether this Court lacks jurisdiction to entertain portions of Constructure's amended complaint regarding the Navy's alleged assessment of "liquidated damages" because Constructure failed to submit a claim and failed to obtain a contracting officer's final decision, as required by the Contract Disputes Act of 1978 (41 U.S.C. §§ 601-613).

STATEMENT OF THE CASE

I. Nature Of The Case

This case arises pursuant to the Contract Disputes Act ("CDA") of 1978 (41 U.S.C. §§ 601-613). Among other things, Constructure alleges that the Department of the Navy wrongfully terminated Constructure's contract for default and wrongfully assessed liquidated damages pursuant to the contract.

II. Statement Of Facts

The Navy awarded Contract Number N62467-03-C-6544 ("contract"), a contract to replace air handling units at the Third and Weapons Battalions located at Parris Island, South

Carolina, to Constructure on September 19, 2003. Pl's Amended Compl. at ¶6. The contract included liquidated damages of $1,550 per day per phase for phases 3 though 12, and $1,450 per day per phase for phases 3A through 9A. Pl's Amended Compl. at ¶7. The Navy terminated Constructure's contract for default on December 3, 2004. Pl's Amended Compl. at ¶21.

Prior to the termination, on November 15, 2004, acting contracting officer Robin Fowler informed Constructure via letter that the Navy had received Constructure's invoice number 4 in the amount of "$904,329.[27]" and that the Navy was processing the invoice for payment. Letter from Robin D. Fowler to Constructure, Inc., dated November 15, 2004, attached as Exhibit 1. The letter also informed Constructure that the approved payment would be less than requested and identified the reasons for the lesser amount. Id. Among the reasons listed was a deduction for "Potential Liquidated Damages" in the amount of $1,160,800 calculated at $1,550 per day for 327 days for the Third Battalion and $1,450 per day for 451 days for the Weapons Battalion. Id. Ms. Fowler closed the letter by stating "[i]f there are any questions regarding this invoice, please call this office[.]" Id.

On December 3, 2004, the Navy terminated Constructure's contract for default. Pl's Amended Compl. at ¶21. The December 3, 2004 termination notice made no mention of liquidated damages or the money withheld in the November 15, 2004 letter. Termination for Default, dated December 3, 2004, attached as Exhibit 2.

On December 27, 2004, Constructure filed its original complaint in this Court challenging the termination for default and the withholding of $1,160,800 for potential liquidated damages. Pl's Compl. at ¶¶28,32. At the time the complaint was filed, Constructure had not submitted a claim to the contracting officer requesting a final decision upon the withholding for potential liquidated damages. Constructure did not allege in its original complaint that it had submitted a claim to the contracting officer or that it had received a contracting officer's final decision regarding the withholding for potential liquidated damages.

On January 24, 2005, Constructure submitted a claim to the contracting officer requesting

a contracting officer's final decision upon several requests for equitable adjustment and for "remission of liquidated damages and monies wrongfully withheld by the Navy." Pl's Amended Compl. at ¶33. The contracting officer did not issue a decision. Pl's Amended Compl. at ¶34.

On August 10, 2005, based upon an alleged "deemed denial" of its January 2005 claim, Constructure amended its complaint and continued to challenge the Navy's withholding of the $1,160,800 for potential liquidated damages. Pl's Amended Compl. at ¶¶ 28, 34.

## ARGUMENT

### I. Standard Of Review

When reviewing a RCFC 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, the Court must construe all the facts alleged in the complaint in favor of the plaintiff. Morris v. United States, 33 Fed. Cl. 733, 741 (1995) (citing Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)). The Court also must presume all factual allegations to be true and correct. Id. at 741-42 (citing Reynolds v. Army and Air Force Exch. Serv., 846 F.2d 746, 747 (Fed. Cir. 1988)). However, when a defendant challenges the facts upon which jurisdiction is premised, the plaintiff bears the burden of establishing the Court's jurisdiction by a preponderance of the evidence. Id. The Court then "may look outside the complaint and receive evidence for the purpose of resolving the jurisdictional issue of fact." Morris, 33 Fed. Cl. at 742 (citing Mainer v. United States, 31 Fed. Cl. 410, 413-14 (1994); Camelus Development Corp. v. United States, 31 Fed. Cl. 399, 405 (1994)).

Absent congressional consent to entertain a claim against the United States, this Court lacks authority to grant relief. United States v. Testan, 424 U.S. 392, 399 (1976); United States v. Sherwood, 312 U.S. 584, 586 (1941). Such consent, including the consent to be sued in this Court, is a waiver of the Government's sovereign immunity and, as such, must be explicit and strictly construed. United States v. Mitchell, 445 U.S. 535, 538 (1980); Fidelity Construction Co. v. United States, 700 F.2d 1379, 1383 (Fed. Cir. 1983). It may not be implied. Testan, 424 U.S. at 399; United States v. King, 395 U.S. 1, 4 (1969).

II. This Court Lacks Jurisdiction To Entertain Portions Of Constructure's Complaint Pertaining To The Remission Of Money Withheld By The Navy Because Constructure Failed To Comply With The CDA's Requirement That It Submit A Claim To The Contracting Officer And To Receive A Contracting Officer's Final Decision

Although Constructure's January 24, 2005 claim may have obviated some of the jurisdictional problems raised in its original complaint, it is not sufficient for the purposes of establishing this Court's jurisdiction to entertain the liquidated damages claim because that claim was already within the sole authority of the Department of Justice. See Witherington Constr. Corp. v. United States, 45 Fed. Cl. 208 (1999). Moreover, as we establish below, Constructure had not – prior to the filing of its original complaint – submitted a claim or obtained a final decision regarding the potential liquidated damages withheld. Accordingly, its amended complaint must be dismissed to the extent that it seeks to recover the withheld amount.

Generally speaking, Congress has consented to the United States being sued in this Court for claims arising out of contracts with the Government, 28 U.S.C. § 1491(a). It has, however, established conditions upon that consent in cases involving contracts with an executive agency for the procurement of: property (other than real property in being); services; construction, alteration, or repair of real property; and the disposal of personal property. 41 U.S.C. §§ 601 - 613. Contractors must adhere to the procedural requirements of the CDA for this Court to assume jurisdiction of a contractor's claim. Scan-Tech Security LP v. United States, 46 Fed. Cl. 326, 330 (2000).

The CDA requires that: "[A]ll claims by a contractor against the government . . . shall be in writing and shall be submitted to the contracting officer for decision." 41 U.S.C. § 605(a). While the CDA does not explicitly define "claim," its implementing regulation, provides that a claim is:

> a written demand or written assertion by one of the contracting parties seeking, as a matter of right, the payment of money in a sum certain, the adjustment or interpretation of contract terms, or other relief arising under or relating to the contract. . . . a written demand or written assertion by the contractor seeking the payment

> of money exceeding $100,000 is not a claim under the Contract Disputes Act of 1978 until certified as required by the Act and 33.207

48 C.F.R. § 33.201 (2004). Consequently, pursuant to the CDA, this Court may not entertain any claim that has not been properly submitted to the contracting officer for a decision. W.M. Schlosser Co. v. United States, 705 F.2d 1336, 1338-39 (Fed. Cir. 1983). "A contracting officer's final decision is a jurisdictional prerequisite to filing suit in this court." United Partition Systems, Inc. v. United States, 59 Fed. Cl. 627, 634 (2004)(quoting Buse Timber & Sales, Inc. v. United States, 45 Fed. Cl. 258, 265 (1999)). Additionally, jurisdiction must be determined under the actual circumstances existing at the time a complaint is filed. Sharman Company v. United States, 2 F.3d 1564, 1569 (1993)(citing Newman-Green Inc. v. Alfonzo-Larrain, 490 U.S. 826 (1989)). Here, the jurisdictional prerequisite as to the money withheld by the Navy for potential liquidated damages was not met because Constructure failed to submit a claim to the contracting officer and failed to obtain a contracting officer's final decision prior to filing its initial complaint.

The only correspondence issued by the Navy to Constructure regarding the withholding was the November 15, 2004 letter. This letter does not constitute a contracting officer's final decision. See Cecile Industries, Inc. v. United States, 18 Cl. Ct. 730 (1989); see also Sharman Co. v. United States, 2 F.3d 1564, 1570-71 (Fed. Cir. 1993); Greenhill Reforestation, Inc. v. United States, 39 Fed. Cl. 683 (1997). In fact, the Court has specifically held that the Government's decision to withhold and offset an amount from a contractor's invoice to cover liquidated damages does not amount to a contracting officer's final decision. See Cecile, 18 Cl. Ct. 730.

In Cecile, the Defense Personnel Support Center ("DPSC") notified plaintiff that it was exercising its power of administrative offset by withholding a certain amount of money due to plaintiff to cover the liquidated damages assessed under the contract. Id. at 733. The Court held that "DPSC made no demand of Cecile seeking the payment of money, rather, it merely advised

Cecile that it was withholding payments on the invoices submitted [under two of the contracts] . . . The court is at a loss to see how DPSC's failure to pay invoices is either a demand for payment or the seeking of relief arising under or relating to a contract." Id. As such, the Court held that the withholding did not constitute a Government claim or a contracting officer's final decision, thus it lacked jurisdiction to entertain the plaintiff's challenge to the withholding and offset. Id. at 733.

In another case, Greenhill Reforestation, Inc. v. United States, 39 Fed. Cl. 683 (1997), the Court found that a letter in which the contracting officer explained withholding of payment on invoices submitted by the contractor did not constitute a contracting officer's final decision pursuant to the Contract Disputes Act. In Greenhill the plaintiff relied upon a letter from the contracting officer as the final decision upon a government setoff claim. Id. at 687. The Court found that the letter lacked the finality required by a Government claim, as the contracting officer explained that the purpose of the withholding was to protect the Government's interests pending investigation of the acceptability of the work done under the contract. Id. The Court found that the language of the letter more closely resembled that of 48 C.F.R. § 32.611, which governs unilateral debt determinations, than the claim described in 41 U.S.C. § 608(c). Id. Section 32.611 provides in relevant part:

> If a disbursing office is the responsible official for collection of a contract debt, or is notified of the debt by the responsible official and has contractor invoices on hand for payment, the disbursing officer shall make an appropriate setoff. The disbursing officer shall give the contractor an explanation of the setoff.

48 C.F.R. § 32.611.

Both Cecile and Greenhill are similar to Constructure's case. Here, the acting contracting officer, Robin Fowler, identified that there was a possibility that the Navy would assess liquidated damages against Constructure – hence the term "potential liquidated damages." As such, the Navy, which had Constructure's invoice number 4 on hand for payment, offset an amount to cover potential liquidated damages. At this point the contract was not complete,

Constructure was still performing work, delays were still occurring, and the Navy was uncertain as to what amount it would officially assess in liquidated damages. As the Court held in Cecile, the agency made no demand of Constructure seeking the payment of money, rather, it merely advised Constructure that it was withholding payments upon the invoices submitted. Additionally, as in Greenhill, the letter informing Constructure of the withholding lacked the finality associated with a contracting officer's final decision. Just as the Greenhill contracting officer stated that the money was to be withheld pending an investigation, the contracting officer in this case was withholding the money based upon an expectation that the Navy would later decide to assess liquidated damages.

We acknowledge that, in some cases, a contracting officer's final decision was deemed to have been made even where a setoff claim was not explicitly described by the contracting officer in the "final decision" and even where it did not contain the boilerplate language that is usually present in a final decision, those cases are factually distinguishable from Constructure's case. See Placeway Constr. Corp. v. United States, 920 F.2d 903, 906-07 (Fed. Cir. 1990); but see Sharman, 2 F.3d 1564, 1570-71(enforcing strict adherence to final decision requirements such as appeal rights).

For example, in Placeway, the contractor submitted to the contracting officer a written demand for payment of the contract price balance after the work as completed under the contract. Placeway, 920 F.2d at 906-07. Thus, the Placeway contractor actually submitted a claim to the contracting officer, whereas Constructure did not submit a claim to the contracting officer, nor does it allege it did so, prior to filing its original complaint. In response to Placeway's claim, the contracting officer denied the request, deciding that the agency would not release the balance due because Placeway did not complete the contract in a timely manner, which delayed the Government in issuing start-work notices to two other contractors who might later submit delay claims. Id. This Court determined that because the contracting officer had not yet ascertained the amount of the set off and had failed to include "final decision" language, no final decision

was made. Id. at 906. The Federal Circuit, however, determined that the offset was a Government claim, despite the absence of “final decision” language, because the contractor had completed performance of the contract and the contract price for the work completed was undisputed and was due upon completion of the work. Id. In light of these fact, the Federal Circuit found that the contracting officer effectively made a final decision. Id.

This Court reiterated the importance of the finality of the claim in Volmar Construction, Inc. v. United States, 32 Fed. Cl. 746 (1995). There the General Services Administration ("GSA") issued a voucher along with a GSA Inspection Report indicating that GSA was withholding $292,931.00 for work not completed, credit items and liquidated damages. Id. at 753. The Court held that the voucher constituted a contracting officer's final decision because, as in Placeway, the contractor had completed work before the issuance of the voucher, the parties did not disagree upon the original contract price, or its being due and payable upon completion of the contract. Id. at 754-55. Thus, while a contracting officer's final decision need not necessarily contain "final decision" language, there must be some degree of finality evidenced in the circumstances surrounding the decision.

Those circumstances are not present in this case. Again, the contract was not completed. Constructure was still performing. Delays were continuing. The Navy had an expectation that the assessment of liquidated damages was a real possibility. As a result, the Navy withheld part of invoice number 4 to cover potential liquidated damages. The very fact that the Navy referred to them as “potential” indicates the lack of finality surrounding the decision. It is more in line with the contracting officer's letter in Greenhill, which withheld money pending the outcome of the contracting officer's investigation. Further, Constructure's failure to allege in its original complaint, that it had received a final decision, and its January 24, 2005 submission of its request for a contracting officer's final decision on the remission of the money withheld for the potential liquidated damages, are both indications that Constructure did not consider the November 15,

2004 letter to be a final decision asserting a Government claim.[1]

Because the November 15, 2004 letter does not constitute a contracting officer's final decision and because Constructure did not submit a claim regarding the money withheld in the November 15, 2004 letter prior to filing its original complaint, the jurisdictional prerequisites have not been met with regard to Constructure's claim for remission of the withheld money. Thus, this Court lacks the jurisdiction to consider the claim regarding the remission of the money withheld by the Navy to cover potential liquidated damages.

CONCLUSION

For the foregoing reasons we respectfully request that the Court dismiss the portions of plaintiff's amended complaint that refer to the remission of the money withheld for liquidated damages.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/Franklin E. White, Jr.
FRANKLIN E. WHITE, JR.
Assistant Director

[1] Of course, there is no question that Constructure's January 24, 2005 claim could never result in a valid final decision (or deemed denial) upon the remission of liquidated damages claim because authority vested in the Department of Justice on December 27, 2004, when Constructure filed its original complaint. See 28 U.S.C. § 516.

s/Lindsay E. Williams
LINDSAY E. WILLIAMS
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
Tel: (202) 353-7995
Fax: (202) 514-8624

August 26, 2005

Attorneys for Defendant