IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| CONSTRUCTURE, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 04-1820C |
| v. | ) | (Judge Williams) |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

For its answer to the first amended complaint, defendant admits, denies and alleges as follows:

1. Denies the allegations contained in paragraph 1 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

2. Admits that the United States is the defendant.

3. The allegations contained in paragraph 3 constitute plaintiff's characterization of its case to which no answer is required.

4. The allegations contained in paragraph 4 constitute conclusions of law and plaintiff's characterization of its case to which no answer is required; to the extent they may deemed allegations of fact, they are denied.

5. The allegations contained in paragraph 5 constitute conclusions of law and plaintiff's characterization of its case to which no answer is required; to the extent they may deemed allegations of fact, they are denied.

6. Admits the allegation contained in the first sentence of paragraph 6 that defendant awarded Contract No. N62463-03-C-6544 to plaintiff on or around September 19, 2003. Admits the allegations contained in the second, third, fourth and fifth sentences of paragraph 6 to the

extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in the second, third, fourth and fifth sentences of paragraph 6.

7. Admits the allegations contained in paragraph 7 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 7.

8. Admits the allegations contained in paragraph 8 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 8.

9. Admits the allegations contained in the first sentence of paragraph 9 that plaintiff submitted 29 Requests for Equitable Adjustment ("REA"); otherwise denies the allegations contained in the first sentence of paragraph 9. Admits the allegations contained in the second sentence of paragraph 9 to the extent supported by the REA's cited, which are the best evidence of their contents; otherwise denies the allegations contained in the second sentence of paragraph 9.

10. Admits the allegations contained in the first sentence of paragraph 10 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in the first sentence of paragraph 10. Admits the allegations contained in the second sentence of paragraph 10 that plaintiff refused to sign Modification P00001 and that plaintiff returned Modification P00001 to the defendant; denies the remaining allegations contained in the second sentence of paragraph 10 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted. Admits the allegations contained in the third sentence of paragraph 10.

11. Admits the allegations contained in paragraph 11 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 11.

12. The allegations contained in paragraph 12 are conclusions of law to which no answer is required; to the extent that they may be deemed allegations of fact, they are denied.

13. Admits the allegations contained in first sentence of paragraph 13 to the extent supported by the documents cited, which are the best evidence of their contents; otherwise denies the allegations contained in the first sentence of paragraph 13. Denies the allegations contained in the second sentence of paragraph 13.

14. Admits the allegations contained in the first and second sentences of paragraph 14 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in the first and second sentences of paragraph 14. Admits the allegation contained in the third sentence of paragraph 14 that plaintiff returned Modification P00005 to the defendant unsigned; otherwise denies the allegations contained in the third sentence of paragraph 14.

15. Admits the allegations contained in paragraph 15 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 15.

16. Denies.

17. The allegations contained in paragraph 17 are conclusions of law to which no answer is required; to the extent that they may be deemed allegations of fact, they are denied.

18. Admits the allegations contained in paragraph 18 to the extent supported by the

document cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 18.

19. Admits the allegations contained in paragraph 19 to the extent supported by the letter cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 19.

20. Admits.

21. Admits the allegations contained in paragraph 21 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 21.

22. Denies.

23. The allegations contained in paragraph 23 are conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

24. Admits the allegations contained in paragraph 24 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 24.

25. Denies.

26. The allegations contained in paragraph 26 constitute conclusions of law to which no answer is required; to the extent they may deemed allegations of fact, they are denied.

27. Denies.

28. Denies.

29. Denies.

30. Denies.

31. Denies.

32. Denies.

33. Admits the allegation contained in paragraph 33 that plaintiff submitted a letter to the contracting officer on January 24, 2005. The allegation that the letter was "a properly certified claim" is a conclusion of law to which no answer is required; to the extent that it may be deemed an allegation of fact, it is denied. Admits the remaining allegations contained in paragraph 33 to the extent supported by the letter cited, which is the best evidence of its contents; otherwise denies all other allegations contained in paragraph 33.

34. Admits the allegation contained in paragraph 34 that the contracting officer did not issue a contracting officer's decision in response to the January 24, 2005 letter. The allegation that "the claim is deemed denied" is a conclusion of law to which no answer is required; to the extent that it may be deemed an allegation of fact, it is denied.

35. In response to the prayer for relief that follows paragraph 34 of the First Amended Complaint, denies that plaintiff is entitled to relief requested or to any relief whatsoever.

36. Denies each and every allegation not previously admitted or otherwise qualified.

AFFIRMATIVE DEFENSES

37. Plaintiff's claims are barred by the affirmative defense of payment.

38. Plaintiff's claims are barred by the affirmative defense of set off.

39. Plaintiff's claims are partially barred by the affirmative defense of accord and satisfaction.

40. Plaintiff's claims are partially barred by the affirmative defense of release.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/Franklin E. White, Jr.
FRANKLIN E. WHITE, JR.
Assistant Director

Of Counsel:

AUDREY VAN DYKE
U.S. Department of the Navy
720 Kennon St. SE
Washington, DC 20374

s/ Lindsay Williams
LINDSAY WILLIAMS
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Phone: (202) 353-7995
Fax: (202) 514-8624
Attorneys for Defendant

August 29, 2005