IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| CONSTRUCTURE, INC., Plaintiff, | No. 04-1820C |
| vs. | Judge: Mary Ellen Coster Williams |
| UNITED STATES, Defendant. | |

PLAINTIFF'S MOTION TO EXTEND SCHEDULING ORDER

Pursuant to Rules 6(b)(1) and 7 of the Rules of the United States Court of Federal Claims ("RCFC"), the Plaintiff respectfully requests that the Scheduling Order entered by the Court on June 28, 2005, be extended for the following reasons:

(1) the number of relevant documents in this case is much greater than originally anticipated and the review of those documents has taken more time than originally expected,

(2) some documents were inadvertently not produced by the Government in its Initial Disclosures, the parties did not learn that the documents had not been produced until late November 2005, and the documents were not received by the Plaintiff until January 11, 2006,

(3) review by the Plaintiff's experts has been delayed as a result of the volume of documents and has taken more time than originally anticipated (Plaintiff has provided preliminary information from its experts to the Government), and

(4) the parties need additional time to schedule depositions of fact witnesses.

The parties have worked together in resolving problems with the exchange of documents and have diligently tried to resolve scheduling problems prior to requesting the Scheduling Order be amended. The parties attempted to submit a joint motion, however, the parties were unable to agree

on the dates for the amended Scheduling Order.[1] Accordingly, the Plaintiff respectfully requests that the Scheduling Order be extended as set forth below:[2]

Fact Discovery. All fact discovery, including all depositions, shall conclude on or before **May 1, 2006** and any Motion to Compel shall be filed on or before **April 3, 2006**.

Expert Discovery. All expert discovery, including the exchange of expert reports and the completion of expert depositions, shall be completed on or before **August 1, 2006**. Plaintiff's expert report(s) shall be submitted on or before **June 1, 2006**, and Defendant's responsive expert report(s) shall be submitted on or before **July 3, 2006**.

Meeting of Counsel. The parties shall meet to satisfy the requirements of RCFC Appendix A ¶ 13, including the exchange of exhibits and witness lists, and to stipulate to all matters as to which the parties agree, on or before **August 31, 2006**. The parties shall ensure that exhibits are not duplicative.

Dispositive Motions. If appropriate, the parties shall file any summary judgment motions on or before **September 15, 2006**, and any responses and replies thereto shall be filed in accordance with the Court's Rules.

Memorandum of Contentions of Fact and Law. In accordance with RCFC Appendix A ¶ 14, Plaintiff shall file their Memorandum of Contentions of Fact and Law (Memorandum) on or before **September15, 2006**. Defendant shall file its responsive Memorandum on or before **October 2, 2006**. Each Memorandum shall be accompanied by witness lists and exhibit lists and any motions, including any Motion in Limine, contemplated by Appendix A ¶¶ 14, 15, and 16. Any objection to a witness or exhibit not made in the Memorandum or a separate motion filed on the same date shall, if the objection is of a type that could reasonably have been identified at the time of such filing, be deemed waived absent a showing of a compelling reason for failure.

Pretrial Conference. The pretrial conference will be conducted on **October 2006,** at the Howard T. Markey National Courts Building, 717 Madison Place, N.W., Washington, D.C. The courtroom designated will be posted on the bulletin board in the lobby of the courthouse. The proceedings will be transcribed. The parties shall identify and file a copy of any exhibit as to which an objection remains outstanding no later than **October 16, 2006**, so that such objection may be discussed at the pretrial conference. The parties shall prepare and submit prior to the pretrial

---

[1]The Government proposed to extend each date in the Scheduling Order by 90 days, however, the dates did not work for the Plaintiff because counsel for the Plaintiff will be unavailable during the first 2 weeks of August. In addition, the Plaintiff suggested some dates be adjusted because the Scheduling Order appeared to have items out of order. For example, the Scheduling Order required dispositive motions be filed prior to expert depositions.

[2]The Government did not filed a counterclaim for reprocurement costs or for liquidated damages, and the proposed amended Scheduling Order does address any such claims.

conference a joint preliminary trial schedule or, if they cannot agree, separate trial schedules, using the template attached, a copy of which will be, at the request of a party, provided to the party in electronic form by the Court.

Trial. Trial will be conducted in **November 2006**, in Charleston, South Carolina. Trial will begin at 9:00 a.m. EST on each day, and conclude at 6:00 p.m. unless the Court otherwise orders. During each day of trial, the Court anticipates taking a 15-minute mid-morning recess, a one-hour luncheon recess and one 15-minute mid-afternoon recess. Subject to the availability of the courtroom, the Court is willing to sit late to accommodate the schedules of witnesses and counsel.

For the foregoing reasons, the Plaintiff respectfully requests that the Court grant this motion for an enlargement of time.

Respectfully Submitted,

**PEDERSEN & SCOTT, P.C.**

s/William A. Scott
William A. Scott
775 St. Andrews Blvd.
Charleston, South Carolina 29407
(843) 556-5656
Attorney For Plaintiff

Dated: January __17th__, 2006